IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| Little River Healthcare Holdings, *et al.*, | § § | Case No. 18-60526-rbk (Jointly Administered) |
| Debtors. | § | |
| | § | |
| James Studensky, Chapter 7 Trustee, Plaintiff. | § § § | |
| | § | |
| v. | § § | Adv. No. 20-06062 |
| Peggy S. Borgfeld, Ryan H. Downton, Jeffrey P. Madison, and Kevin J. Owens, Defendants. | § § § § | |

**Defendants' Motion to Limit Testimony of James Spindler**

Come now, Defendants Peggy Borgfeld, Ryan Downton, Jeff Madison, and Kevin Owens ("Defendants") and move to limit the testimony of Plaintiff's expert, James Spindler as follows:

**STANDARD OF REVIEW**

The Federal Rules of Evidence require the district court to act as "gatekeeper," to ensure expert testimony is relevant and reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). "[W]hether Daubert's suggested indicia of reliability apply to any given testimony depends on the nature of the issue at hand, the witness's particular expertise, and the subject of the testimony." *Seatrax, Inc. v. Sonbeck International*, 200 F.3d 358, 372 (5th Cir. 2000). Defendants respectfully ask the Court to limit Spindler's testimony by excluding the following opinions as irrelevant and/or unreliable:

1. Any opinion that any action by any Defendant constitutes a breach of law or a fiduciary duty;

2. Any opinion explaining, modifying, or adding to the requirements of Tex. Bus. Org. Code § 101.255 or any other statute;

MOTION TO LIMIT TESTIMONY OF JAMES SPINDLER    p. 1

3. Any opinion regarding the meaning of any Little River Company Agreement or any term contained therein;

4. Any opinion regarding any Defendant's individual tax obligations;

5. Any opinion that Little River was insolvent at any point in time; and

6. Any opinion based on another expert's opinion that has been excluded.

## ARGUMENT

### I. Legal Conclusions Should Be Excluded As Irrelevant

The Fifth Circuit has repeatedly held that "an expert may never render conclusions of law" or proffer legal opinions. *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009), cert. denied, 558 U.S. 1148 (2010); *Estate of Sowell v. United States*, 198 F.3d 169, (5th Cir. 1999). *See also, Snap-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996) (collecting cases). "[A]llowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). "Therefore, courts have rejected expert testimony which purports to tell the jury what the law is, or what legal conclusion to reach." *BNY Mellon, N.A. v. Affordable Holdings, Inc.*, 2011 WL 2746301, at *1 (N.D. Miss. July 12, 2011) (citing *Estate of Sowell*, 198 F.3d at 172). As one court has stated, "[e]ach courtroom comes equipped with a legal expert [. . .] called a judge." *Burkhart v. Washington Metropolitan Area Transit Authority*, 112 F.3d 1207, 1213 (D.C. Cir. 1997). Here, much of Prof. Spindler's report and intended testimony consists of legal conclusions as follows.

### A. Summary Opinion 8: "The tax distributions were in conflict with law and with management's fiduciary duties."

On page 5 of his report, Spindler states his opinion that "The tax distributions were in conflict with law and with management's fiduciary duties." Whether the tax distributions violated law or fiduciary duties is not a proper subject of expert testimony. *Askanase v. Fatjo*, 130 F.3d 657 (5th Cir. 1997) (expert opinion on "how and to what extent did [officers] breach their fiduciary

duties" is "a legal opinion and inadmissible."); *Sowell v. United States*, 198 F.3d 169, 171-72 (5th Cir. 1999) (upholding exclusion of expert opinion as to what a reasonable executor would have done under the same facts); *Floyd v. Hefner*, 556 F. Supp. 2d 617, 640 (S.D. Tex. 2008) (Expert "can testify as to the standards of conduct applicable to directors in general, but he cannot testify as to whether the Defendants' conduct comported with the actions of reasonably prudent individuals in the same or similar circumstances."). Defendants ask the Court to preclude Prof. Spindler from testifying regarding his summary opinion 8 and its sub-parts regarding whether any actions of Defendants violate the law or Defendants' fiduciary duties. *Smith v. City of Bastrop*, No. 1:19-CV-1054-RP at *10 (W.D. Tex. Jan. 15, 2021) ("While Plaintiffs' counsel can make legal arguments and urge the Court to reach certain legal conclusions, Fort cannot do so as an expert witness."); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (noting that a proffered expert should bring to the trier of fact "more than the lawyers can offer in argument").

### B. Requirements in Addition to, or Different From, Those Set Forth in Tex. Bus. Org. Code § 101.255

Tex. Bus. Org. Code § 101.255 ("§ 101.255") explains when a transaction with an interested person cannot lead to a claim for breach of fiduciary duty by a company. On page 19 of his report, Prof. Spindler says "even such procedures [set forth in § 101.255] may fail to cleanse a transaction where conflict is sufficiently pervasive that fairness and good faith are doubtful." There is no basis in Texas law to add conditions to the statutory text. Defendants ask the Court to preclude Prof. Spindler from offering opinions interpreting or conflicting with § 101.255, such as opinions that Defendants could violate their fiduciary duty by making distributions approved by Little River's members at any time Little River was solvent. *Primerica v. Life Ins. Co. v. Gross*, Civil Action No. A-15-CV-759-DAE, 2017 WL 9325510, at *3 (W.D. Tex. Oct. 12, 2017) (stating that while attorneys may testify as to legal matters when those matters involve questions of fact,

interpretation of statutes is a question of law) (citing *Waco Int'l Inc. v. KHK Scaffolding Houston, Inc.*, 278 F.3d 523, 533 (5th Cir. 2002); *Deep Ellum Brewing Co. v. Tex. Alcoholic Beverage Comm'n*, 1:15-CV-00821 RP at *7 (W.D. Tex. Nov. 14, 2016) ("[The expert] is attempting to offer a pure legal opinion on what current Texas law is, and how that law would be applied. Such legal opinions and conclusions are not permitted.").

### C. The Meaning of any Little River Company Agreement or Any of Their Terms

Little River had two company agreements at issue in this case: the Fifth Amended Company Agreement of Rockdale Blackhawk, LLC and the First Amended Company Agreement of Little River Healthcare Holdings, LLC. As neither Little River Company Agreement utilizes any specialized trade terms, "expert testimony regarding proper contract interpretation is inadmissible." *Sparton Corp. v. U.S.*, 77 Fed. Cl. 1, 8 (Fed. Cl. 2007) ("In the absence of specialized trade usage, expert testimony regarding proper contract interpretation is inadmissible, as is expert testimony regarding the legal significance of the contract language."); *North Am. Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1281 (6th Cir. 1997) (quoting *TCP Indus., Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 549 (6th Cir. 1981)) ("Absent any need to clarify or define terms of art, science, or trade, expert opinion testimony to interpret contract language is inadmissible."); *Sheet Metal Workers, Int'l Ass'n, Local Union No. 24 v. Architectural Metal Works, Inc.*, 259 F.3d 418, 424 n. 4 (6th Cir. 2001) ("[T]he opinions of percipient or expert witnesses regarding the meaning(s) of contractual provisions are irrelevant and hence inadmissible."); *JRG Capital Investors I, LLC v. Doppelt, 2012 WL 2529256*, at *6 (S.D. Tex. June 28, 2012) (Ellison, J.) (same).

Spindler opines that the Little River Healthcare Holdings Company Agreement permitted only "one distribution per fiscal year." However, that is his interpretation of that Company Agreement, not what it actually says, and should be excluded as irrelevant.

Similarly, Spindler opines that because distributions pursuant to one Section of the Company Agreement as "advances" on distributions due under a different section of the Company Agreement, they are "loans" that Defendants must repay. Spindler's opinion should be excluded as irrelevant because he is providing his interpretation of a contractual provision. Further, Spindler's opinion should be excluded as unreliable because the Company Agreement neither defines the distributions as loans, nor provides any mechanism requiring repayment of the distributions under any circumstances. An "advance" made in satisfaction of a future obligation, or potential obligation, without a corresponding obligation to repay the payment is not a loan. *See Mellem v. Mellem* (*In re Mellem*), No. 21-60020 at *1 (9th Cir. Nov. 26, 2021) (In addressing an advance on a potential future inheritance: "An advance is a loan…."). The Court will either provide interpretation of the Company Agreement to the jury as a matter of law or present any ambiguity to the jury for its determination. Either way, expert testimony regarding the meaning of any Company Agreements or their terms is irrelevant and should be precluded.

## II.     Unreliable Opinion Testimony Should Be Excluded

In addition to testimony regarding legal conclusions, Spindler should also be precluded from offering the following opinions because they are unreliable. *Daubert*, 509 U.S. 579 (1993).

### A.     Individual Tax Obligations

First, Prof. Spindler intends to offer an opinion that the "[tax] distributions were significantly in excess of taxes actually incurred by Defendants." Spindler Report at p. 5. Prof. Spindler is not a tax attorney or tax preparer and has no basis to opine on the individual tax obligations of any Defendant. An expert witness's testimony should be excluded as unreliable if the district court "finds that the witness is not qualified to testify in a particular field or on a given subject." *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir.1999). Additionally, opinions on individual

tax obligations should be excluded as irrelevant because the Little River Company Agreement mandates distribution of 45% of taxable income, regardless of any individual member's tax situation, as each individual member will be situated differently with respect to the member's tax obligations.

### B. Any Opinion That Little River Was Insolvent

Spindler did not conduct any independent solvency analysis, but relied on the expert report of Mr. Saul Solomon, the Trustee's expert on solvency, with respect to that issue. *Cooper v. Meritor, Inc.*, 4:16-CV-52-DMB-JMV, 2019 WL 545271, at *3 (N.D. Miss. Feb. 11, 2019) ("An expert may not parrot another expert's opinion when the subject relates to an issue in the case"). As a result, Spindler may rely on Solomon's opinion (if it is not excluded), but should be precluded from offering any opinion testimony of his own on Little River's solvency as such testimony is unreliable.

### C. Opinions Based on Excluded Opinions

To the extend the Court excludes any opinion offered by Solomon, the Court should also exclude any opinion by Spindler based on the excluded opinion. *Conn v. C.R. Bard, Inc.*, CIVIL ACTION No. 4:14-CV-298 (S.D. Tex. June 8, 2021) (an expert "cannot rely upon other expert testimony or opinions that have already been excluded under *Daubert*").

### CONCLUSION

Wherefore Defendants respectfully ask the Court to limit Spindler's testimony as set forth above.

Respectfully submitted,

By: */s/ Ryan Downton*
    Ryan Downton
    Texas Bar No. 24036500
    Aimee Robert

Texas Bar No. 24046729
THE TEXAS TRIAL GROUP
193 Dorado Beach East
Dorado, PR 00646*
Telephone: (512) 680-7947
Email: ryan@thetexastrialgroup.com
*Attorneys for all Defendants*
*Downton and Robert are licensed in Texas, not Puerto Rico

Seth Meisel
Texas Bar No. 24037089
DUBOIS BRYANT & CAMPBELL
303 Colorado St., Ste. 2300
Austin, Texas 78701
Telephone: (512) 381-8012
Fax: (512) 457-8008
Email: smeisel@dbcllp.com
*Attorney for Jeffrey Madison*

Marvin E. Sprouse III
Texas Bar No. 24008067
SPROUSE LAW FIRM
901 Mopac Expressway South
Austin, Texas 78746
Telephone: (512) 658-1915
Fax: (512) 692-1934
Email: msprouse@sprousepllc.com
*Attorney for Peggy Borgfeld*

**CERTIFICATE OF SERVICE**

      I hereby certify Defendants' Reply in Support of Motion for Summary Judgment has been served electronically on those parties receiving the Court's ECF service (as indicated on the attached service list), and upon all other parties listed below **by email** or United States mail on June 20, 2022.

**Chapter 7 Trustee**
James Studensky
Chapter 7 Trustee
3912 W Waco Drive
Waco, TX 76710
Jstudensky.trustee@outlook.com

Graves Dougherty Hearon & Moody, PC
401 Congress Ave., Ste. 2700
Austin, Texas 78701
Attn: Brian T. Cumings
bcumings@gdhm.com

Jackson Walker LLP
100 Congress Ave., Ste. 1100
Austin, Texas 78701
Attn: Jennifer Wertz
jwertz@jw.com

**U.S. Trustee**
Office of the United States Trustee
Attn: Shane P. Tobin
903 San Jacinto, Room 230
Austin, TX 78701
Shane.P.Tobin@usdoj.gov

                                            */s/ Ryan Downton*
                                            Ryan Downton