# Exhibit B

James Spindler - Confidential
June 07, 2022                                                       1

```
 1                  UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF TEXAS
 2                       WACO DIVISION

 3   JAMES STUDENSKY, CHAPTER 7    )
     TRUSTEE,                      )
 4   Plaintiff,                    )
                                   )
 5   v.                            )
                                   ) 6:21-MC-00028-ADA
 6   PEGGY S. BORGFELD, RYAN H.    )
     DOWNTON, JEFFREY P.           ) ADV.PRO.NO.: 20-06062-RBK
 7   MADISON, and KEVIN J.         )
     OWENS,                        )
 8   Defendants                    )

 9             ----------------------------------

10         ORAL AND VIDEOTAPED DEPOSITION OF

11                      JAMES SPINDLER

12                 APPEARING REMOTELY FROM

13                         ALASKA

14                      JUNE 7, 2022

15             ----------------------------------

16      ORAL AND VIDEOTAPED DEPOSITION OF JAMES SPINDLER,

17   produced as a witness at the instance of the DEFENDANTS,

18   and duly sworn, was taken in the above-styled and

19   numbered cause on the 7th of June, 2022, from 12:04 p.m.

20   to 3:45 p.m., via videoconference, before Velma C.

21   LaChausse, Shorthand Reporter and Notary Public in and

22   for the State of Texas, reported by machine shorthand,

23   appearing remotely from Harris County, Texas, pursuant

24   to the Federal Rules of Civil Procedure and the

25   provisions stated on the record or attached hereto.
```

20-06062-rbk Doc#146-2 Filed 07/05/22 Entered 07/05/22 21:11:37 Exhibit Excerpts from Deposition of Professor James Spindler Pg 3 of 11

James Spindler - Confidential
June 07, 2022

2

R E M O T E   A P P E A R A N C E S

FOR THE PLAINTIFF:
    Mr. Matthew Powers
    Mr. Brian Cummings
    Ms. Marianne Nitsch
    GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
    401 Congress Ave, Suite 2700
    Austin, TX 78701
    E-mail: mpowers@gdhm.com

- AND -

    Mr. Joshua Romero
    Mr. Michael Roberts
    JACKSON WALKER, LLP
    100 Congress Ave, Suite 1100
    Austin, TX 78701
    E-mail: jromero@jw.com


FOR THE DEFENDANTS:
    Mr. Ryan Downton
    LAW OFFICES OF RYAN DOWNTON
    193 Dorado Beach East
    Dorado, PR 00646
    Phone: (512)680-7947
    E-mail: ryan@thetexastrialgroup.com


ALSO PRESENT:
    Mr. Connor Kidd
    Ms. D. Lehmann

20-06062-rbk Doc#146-2 Filed 07/05/22 Entered 07/05/22 21:11:37 Exhibit Excerpts from Deposition of Professor James Spindler Pg 4 of 11

James Spindler - Confidential
June 07, 2022                                                              3

```
 1                        INDEX

 2                                                         PAGE

 3  Stipulations....................................... 1

 4  Appearances........................................ 2

 5  WITNESS:  JAMES SPINDLER

 6       Examination by Mr. Downton..................... 5

 7  Signature Waived

 8  Reporter's Certificate............................ 98

 9

10                       EXHIBITS

11  NO.  DESCRIPTION                                   PAGE

12  166  Expert Report of James C. Spindler, dated
         April 14th, 2022                                 9
13
    167  Fifth Amended & Restated Company Agreement
14       Of Rockdale Blackhawk, LLC                      75

15  168  Amended & Restated Company Agreement of
         Little River Healthcare Holdings, LLC           78
16

17

18

19

20

21

22

23

24

25
```

20-06062-rbk Doc#146-2 Filed 07/05/22 Entered 07/05/22 21:11:37 Exhibit Excerpts from Deposition of Professor James Spindler Pg 5 of 11

James Spindler - Confidential
June 07, 2022                                                21

```
 1       A.  No, not on a -- not from the rental income.
 2       Q.  Was it profitable from anything else?
 3       A.  Only from the property appreciation, the price
 4  appreciation.
 5       Q.  From a tax basis, Spindler Holdings lost money
 6  each year until the property was sold.  Is that correct?
 7       A.  I believe that is correct.  But again, you
 8  know, this is something I haven't looked at for at least
 9  four years.
10       Q.  Was Spindler Holdings a pass-through entity for
11  tax purposes?
12       A.  It was, or is.
13       Q.  Did you take the losses of Spindler Holdings
14  each year on your tax return?
15       A.  Well, they're passive losses, and those are
16  limited.  Those are ring-fenced.
17       Q.  And so how did you account for them on your tax
18  return?
19       A.  Well, I have my taxes done by an accountant,
20  and I have for, I think, the past 15 years.  But I
21  believe the passive losses simply accrue until you have
22  gains or until you dispose of the real estate.
23       Q.  You are not a tax expert.  Right?
24       A.  I teach tax.
25       Q.  Are you giving any tax opinions -- do you
```

20-06062-rbk Doc#146-2 Filed 07/05/22 Entered 07/05/22 21:11:37 Exhibit Excerpts from Deposition of Professor James Spindler Pg 6 of 11

James Spindler - Confidential
June 07, 2022

55

1 agreement of the company does.  And this is just a
2 summary.  But this is made in light -- this
3 interpretation is made in light of what corporate
4 practice often is, which is to enable some sort of tax
5 distribution.
6          So this is a common -- a common attribute.
7 So that's part of it.
8          And then further, the interpretation then
9 goes on to discuss the -- the advance or loan nature of
10 tax distributions as against excess cash distributions.
11          So it's describing how those provisions
12 would work together.
13      Q.  So someone else might have a different
14 interpretation of the company agreement?
15      A.  Someone can always have a different
16 interpretation, I suppose.
17      Q.  You're not saying your interpretation is
18 correct as a matter of law?
19      A.  No.  I'm not purporting to give determinations
20 on ultimate legal questions.  But I am trying to give
21 testimony that will be helpful on mixed questions of law
22 and fact as well as industry practice and corporate
23 financial practice.
24      Q.  Summary Opinion No. 7.  Last sentence you say,
25 "These distributions were significantly in excess of

20-06062-rbk Doc#146-2 Filed 07/05/22 Entered 07/05/22 21:11:37 Exhibit Excerpts from Deposition of Professor James Spindler Pg 7 of 11

James Spindler - Confidential
June 07, 2022                                                    56

```
 1   taxes actually incurred by defendants."
 2              What does that opinion -- what is that
 3   opinion based on?
 4        A.   You're talking about the -- the statement that
 5   the distributions were in excess of the actually
 6   incurred taxes?
 7        Q.   Yes.
 8        A.   Well, that is based in part on my review of
 9   distribution records and tax records.  And in part it's
10   based on the expert report of Sal Solomon.
11        Q.   The tax records you reviewed, were those
12   company tax records or individual tax records?
13        A.   I believe both.
14        Q.   Is it possible that an individual can have tax
15   losses in one business that reduce its tax obligation on
16   income from a second business?
17        A.   Yes, I believe that's possible.
18        Q.   Did you make any attempt to look at tax
19   obligations of any individual defendant in a vacuum
20   isolating the defendants other sources of income or loss
21   other than distributions from Little River?
22        A.   Well, I'm not sure I understand your "in a
23   vacuum" statement.  But I will say that I did review the
24   tax, the individual tax filings, that included
25   statements both of Little River derived income as well
```

20-06062-rbk Doc#146-2 Filed 07/05/22 Entered 07/05/22 21:11:37 Exhibit Excerpts from Deposition of Professor James Spindler Pg 8 of 11

James Spindler - Confidential
June 07, 2022

57

1  as other -- other income or losses.
2      Q.  So in your work with corporate governance, are
3  you familiar with tax distributions?
4      A.  I am, yes.
5      Q.  Are they generally intended to make the equity
6  holder whole with respect to tax obligations due to
7  income, phantom income, from the entity?
8      A.  What do you mean by -- you said "phantom
9  income," I believe?
10     Q.  Yeah.  So you're familiar with pass-through
11 entities for tax purposes.  Right?
12     A.  I am.
13     Q.  And with this -- with a pass-through entity,
14 each equity holder is taxed on their proportion of the
15 company's net income whether or not they receive any
16 money from the company.  Right?
17     A.  That is generally true, yes.
18     Q.  So -- and that income is presented to each
19 equity holder on a K-1.  Right?
20     A.  That is a statement that will list those
21 allocations, yes.
22     Q.  So if an equity holder received a K-1 that
23 shows that that equity holder's proportion of net income
24 is $10 million, the equity holder is required to pay
25 individual taxes on that $10 million.  Correct?

20-06062-rbk Doc#146-2 Filed 07/05/22 Entered 07/05/22 21:11:37 Exhibit Excerpts from Deposition of Professor James Spindler Pg 9 of 11

James Spindler - Confidential
June 07, 2022
67

```
 1        A.   I think you're mischaracterizing what I said.
 2   I said that some of the forecasting was based on
 3   rudimentary data.  I haven't seen the actual accrual
 4   model, but I have seen what Mr. Solomon has presented in
 5   his report about accruals.
 6        Q.   All right.  And I understand Mr. Solomon's
 7   report and opinions, and I'm going to depose him
 8   separately.  And I am not asking for your opinion about
 9   Solomon's opinion.
10             What I am asking is about any testimony you
11   intend to offer separate and apart from Solomon's
12   opinion on the topic of solvency.
13             Do you intend to offer an independent
14   opinion without reliance on Solomon that Little River
15   was insolvent at any time in 2016?
16        A.   No.  I don't intend to offer an independent
17   solvency opinion, rather as I was saying about warning
18   signs that emerged among management e-mails.
19        Q.   And you haven't cited any of those management
20   e-mails in your report, have you?
21        A.   I think I cite some of the e-mails, not all of
22   them.
23        Q.   If Little River was solvent at the time it made
24   distribution, were those distributions in violation of
25   any law, in your opinion?
```

```
 1                UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF TEXAS
 2                       WACO DIVISION

 3  JAMES STUDENSKY, CHAPTER 7   )
    TRUSTEE,                     )
 4  Plaintiff,                   )
                                 )
 5  v.                           )
                                 ) 6:21-MC-00028-ADA
 6  PEGGY S. BORGFELD, RYAN H.   )
    DOWNTON, JEFFREY P.          ) ADV.PRO.NO.: 20-06062-RBK
 7  MADISON, and KEVIN J.        )
    OWENS,                       )
 8  Defendants                   )

 9          ----------------------------------

10                REPORTER'S CERTIFICATION

11           ORAL AND VIDEOTAPED DEPOSITION OF

12                    JAMES SPINDLER

13                APPEARING REMOTELY FROM

14                        ALASKA

15                     JUNE 7, 2022

16          ----------------------------------

17          I, Velma C. LaChausse, a Shorthand Reporter

18  and Notary Public in and for the State of Texas, do

19  hereby certify that the facts as stated by me in the

20  caption hereto are true; that the above and foregoing

21  answers of the witness, JAMES SPINDLER, to the

22  interrogatories as indicated were made before me by the

23  said witness after being first duly sworn to testify the

24  truth, and same were reduced to typewriting under my

25  direction; that the above and foregoing deposition as
```

20-06062-rbk Doc#146-2 Filed 07/05/22 Entered 07/05/22 21:11:37 Exhibit Excerpts from Deposition of Professor James Spindler Pg 11 of 11

James Spindler - Confidential
June 07, 2022                                                            99

```
 1  set forth in typewriting is a full, true, and correct

 2  transcript of the proceedings had at the time of taking

 3  of said deposition.

 4           I further certify that I am not, in any

 5  capacity, a regular employee of the party in whose

 6  behalf this deposition is taken, nor in the regular

 7  employ of his attorney; and I certify that I am not

 8  interested in the cause, nor of kin or counsel to either

 9  of the parties;

10           GIVEN UNDER MY HAND AND SEAL OF OFFICE, on

11  this, the 14th day of June, 2022.

12

13                    _____
                      Velma C. LaChausse
14                    Notary Public in and for
                      The State of Texas
15                    My Commission Expires: 03-22-2026
                      U.S. Legal Support, Inc.
16                    Firm Registration No. 122
                      16825 Northchase Drive
17                    Suite 800
                      Houston, Texas 77060
18                    Phone: (713)653-7100

19

20

21

22

23

24

25
```